WALTER CONWAY, AN INFANT WHO SUES, &c., v. BERN-
ARD VEZZETTI AND CHARLES VEZZETTI.

Submitted December 5, 1902—Decided February 24, 1903. ·

Defendants were constructing a building, the front of which stood on
the building line of the street; a derrick was fastened to the floor
beams of an upper story by a rope and stood within a fence
enclosing a part of the sidewalk adjoining the building. From
the head of the derrick a guy rope extended downward and out-
ward to the street, being secured to a barrel, filled with sand,
standing on the roadway near the curb. Plaintiff, a boy seven years
of age, was seated at or near the edge of the sidewalk, within two
or three feet of the guy rope; a crowd of boys came on the prem-
ises after defendants' workmen had left, and began hanging on
the guy rope and swinging the derrick. Either because of their
weight or because of the cutting of the head rope, by rubbing
against a floor beam, it broke, and the derrick swung over into
the street, breaking down the fence and injuring the plaintiff.
*Held*, that no negligence on the part of defendants was shown.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL,
FORT and PITNEY.

For the plaintiff, *Young & Arrowsmith.*

For the defendants, *Vredenburgh, Wall & Van Winkle*

PER CURIAM.

This was an action of tort and resulted in a verdict for the
plaintiff.

Defendants were building contractors engaged in construct-
ing a building in Jersey City. The front of the building stood
on the building line of the street. A fence enclosed a part
of the sidewalk, about six feet wide, adjoining the building;
thence the sidewalk extended about nine feet, to the curb.
Within the fence, leaning toward the building, was a derrick,
which was fastened to the floor beams of an upper story by
a tie rope. From the head of the derrick a guy rope extended

downward and outward to the street, being secured to a barrel or barrels filled with sand that stood in the roadway near the curb.

Plaintiff was a boy seven years of age, and at the time of his injury was seated with a companion upon a pile of lumber at or near the edge of the sidewalk eating candy. He was within two or three feet of the guy rope.

On October 25th, 1901, about fifteen minutes past five in the afternoon, after the defendants' workmen had left the premises, a crowd of boys, variously estimated at from ten to twenty in number, came there and began hanging on the guy rope and swinging the derrick. They continued to do so until either because of their weight or because of the cutting of the head rope by rubbing against a floor beam, the head rope parted, the derrick swung over into the street, broke down the fence and struck the plaintiff, knocking him senseless and fracturing his nose.

We think there was no evidence entitling the jury to say that the defendants had been wanting in due care in respect to making the derrick secure.

We have not considered the question whether the defendants owed any duty of care to the plaintiff under the circumstances, or whether, had negligence on their part appeared, it could have been deemed the proximate cause of the accident.

The rule to show cause will be made absolute.